# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-051V
Filed: August 23, 2013

| | | |
|---|---|---|
| ************************************** | | TO BE PUBLISHED |
| BRETT ALLEN, | * | |
| | * | **Special Master Zane** |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Preapproval of Hourly Rate; |
| | * | Reasonable Hourly Rate; |
| SECRETARY OF HEALTH | * | Expert Rate |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| ************************************** | | |

*Lisa A. Roquemore*, Law Offices of Lisa A. Roquemore, Irvine, CA, for Petitioner.
*Jennifer Leigh Reynaud*, United States Dep't of Justice, Washington, DC, for Respondent.

### RULING GRANTING MOTION FOR PRE-APPROVAL OF EXPERT RATE[1]

This matter is before the undersigned on Petitioner's Motion for Preapproval of Expert's Hourly Rate ("Motion for Pre-Approval of Rate"). Petitioner seeks pre-approval of the hourly rate of $500 for her expert, Dr. Lawrence Steinman. Having reviewed the record as a whole and as explained in detail below, Petitioner's motion for pre-approval of Dr. Steinman's hourly rate of $500 is GRANTED.

---

[1] Because this ruling contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be disclosed and made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12 (d) (4); Vaccine Rule 18 (b). In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.

## BACKGROUND

On January 20, 2011[2], Petitioner, Brett Allen ("Petitioner"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"), 42 U.S.C. § 300aa-10, *et seq.*, alleging that she suffered from chronic headaches, among other things, as a result of the human papilloma virus ("HPV") vaccinations she received on November 12, 2007, January 23, 2008 and June 3, 2008. After submission of the pertinent medical records, on April 9, 2012, Respondent filed a Rule 4(c) Report setting forth her position that compensation was not appropriate. Per undersigned's May 10, 2012 Order, a schedule was set for the filing of expert reports.

Over the next few months, Petitioner filed additional medical records and was granted several enlargements of time to file an expert report. On October 16, 2012, Petitioner filed an unopposed motion requesting sufficient time to pursue finding alternate counsel. Petitioner's motion to substitute attorneys was granted on May 9, 2013.

On June 10, 2013, Petitioner filed her Motion for Pre-Approval of Expert's Hourly Rate.[3] Petitioner requested a pre-approved rate of $500 per hour for her expert, Dr. Steinman, attaching Dr. Steinman's curriculum vitae ("CV") and the affidavits and CV of several other experts in the same field in support of her request. On July 18, 2013, Respondent filed an Opposition to Motion for Pre-Approval of Expert's Hourly Rate ("Opposition to Pre-Approval of Rate") arguing that Petitioner failed to provide evidence demonstrating that the requested rate was reasonable. In particular, Respondent argued that the submitted evidence of other expert witnesses failed to provide support that the other physicians have actually ever been paid those rates to testify within the Vaccine program or elsewhere. Respondent also argued that Dr. Steinman's CV fails to support that he has the specific education, training, or experience needed to advise on the specific injuries Petitioner is claiming.

On July 24, 2013, Petitioner filed a reply to Respondent's opposition arguing that the evidence provided by Petitioner shows that a $500.00 an hour rate is not only reasonable but standard for experts from California with similar education, training, and experience as Dr. Steinman. Additionally, Petitioner highlighted Dr. Steinman's work in regard to chronic headaches and dystonia, the injuries at issue in this matter, stating that he is sufficiently qualified to opine on this case. Petitioner concluded that Respondent failed to show any evidence as to why Dr. Steinman's rate of $500.00 an hour is unreasonable.

## APPLICABLE LEGAL STANDARDS

The Vaccine Act provides for the payment of attorneys' fees and costs, including fees to be paid to experts, that are "reasonable." 42 U.S.C. § 300aa-15(e). The Special Master has "discretion in determining the amount of a fee award" because of his or her "superior understanding of the litigation . . . ." *Saxton By and Through Saxton v. Sec'y of Health & Human*

---

[2] Petitioner filed an amended petition on February 8, 2012.

[3] The deadlines for the expert reports were suspended upon the filing of Petitioner's Motion for Pre-Approval of Rate.

*Servs.,* 3 F.3d 1517, 1521 (Fed. Cir.1993)(quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). To determine the amount of reasonable fees, the Special Master initially applies the well-recognized lodestar method. *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). Under the lodestar method, an estimate is determined by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera,* 515 F.3d at 1347–48 (quoting *Blum v. Stenson,* 465 U.S. 886, 888 (1984)).

As to the hourly rate, the Special Master decides this on a case-by-case basis. *Blum,* 465 U.S. at 895 n.11 ("[T]he burden is on the fee applicant to produce satisfactory evidence. . . that the requested rates are in line with those prevailing in the community for similar services by [those] of reasonably comparable skill, experience and reputation."). Factors recognized as appropriate to consider are the expert's education, training and experience, including academic affiliations, publications and experience in the Vaccine Program,[4] and the expert's area of expertise, including board certifications, and rates traditionally charged by comparable experts in the Program and the prevailing market rates for comparable experts. *Simon v. Sec'y of Health & Human Servs.,* No. 05-941V, 2008 WL 623833, at * 2 (Fed. Cl. 2008) (citing *Wilcox v. Sec'y of Health & Human Servs.,* No. 90–991V, 1997 WL 101572 (Fed. Cl. Spec. Mstr. Feb. 14, 1997)).

## DISCUSSION

In support of her Motion for Pre-Approval of Rate, the Petitioner presented affidavits and CV's of other medical expert's with similar expertise and training in the same geographic location as Dr. Steinman as well as Dr. Steinman's CV and several prior decisions from other Special Master's approving Dr. Steinman's rate of $500.00.

Dr. Steinman's CV presents sufficient information to warrant the preapproval of a $500 hourly rate.  Dr. Steinman's CV indicates he is an expert in Neurology and immunology and more importantly, Dr. Steinman has expertise in a pertinent area to the issues in this case, *i.e.* headaches and dystonia, as evidenced by his publication *Leber's Disease and Dystonia: A Mitochondrial Disease.*  P's Motion Exhibit 1 ("P's Mtn. Ex. 1").  Finally, Petitioner offered ample evidence demonstrating that a $500 hourly rate is consistent with the rate awarded to other experts with comparable credentials, expertise, and credibility. Further, Dr. Steinman has previous expert experience in the Vaccine Program and he has been previously approved at a rate of $500.00 an hour.  *Brown v. Sec'y of Dep't of Health & Human Servs.,* 09-426 V, 2012 WL 952268 (Fed. Cl. Feb. 29, 2012).

## CONCLUSION

Dr. Steinman's services as a neurologist/immunologist are necessary to respond to the Secretary's Rule 4(c) report. Other experts in the California region receive comparable hourly rates, as set forth in the pleadings by Petitioner and counsel.  Additionally, Dr. Steinman has previously been paid a rate of $500.00 to opine in the Vaccine Program previously.  For the foregoing reasons, Petitioner's motion is GRANTED.

---

[4] In considering the expert's experience with the program, special masters look to and frequently adopt the rate a particular expert has been awarded previously in the program absent some particular evidence that merits the award of a different rate in a specific case.

**IT IS SO ORDERED.**

/s/ Daria J. Zane
Daria J. Zane
Special Master